JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Flores Hubahib, | No. CV 07-1064-PHX-DGC (BPV) |
| Petitioner, | **ORDER** |
| vs. | |
| Katherine Kane, | |
| Respondent. | |

Petitioner Francisco Flores Hubahib (A72-399-879), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid. The Court will dismiss the Petition.

**I.     Background**

Petitioner is a native and citizen of the Philippines who was admitted to the United States in 1991. On September 10, 2003, an immigration judge denied Petitioner's applications for asylum and withholding of removal and issued an order for his removal from the United States as an alien who has been convicted of firearms offenses. On February 10, 2005, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal.

On March 4, 2004, Petitioner filed a petition for review with the United States Court of Appeals for the Ninth Circuit. On November 23, 2004, the Ninth Circuit granted Petitioner's application for a stay of removal. Hubahiv v. Gonzales, No. 04-71000 (9th Cir. unpublished order filed Nov. 23, 2004). On May 9, 2007, the Ninth Circuit denied in part Petitioner's petition for review and dismissed the remainder of the petition for lack of

jurisdiction. Hubahib v. Gonzales, No. 04-71000, 2007 WL 1347917 (9th Cir. May. 9, 2007) (unpublished memorandum).

In his Petition for Writ of Habeas Corpus, Petitioner alleges that he has been subject to a removal order since September 10, 2003. He further alleges that he has been in Department of Homeland Security custody for more than four years and that his "removal is not significantly likely in the reasonably foreseeable future." Petition at 5. Relying on Zadvydas v. Davis, 533 U.S. 678, 701 (2001), Petitioner argues that his continued detention is not lawful.

**II.   Discussion**

**A.   Jurisdiction**

The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). Because Petitioner challenges only his detention, and not the merits of his removal order, the Court retains jurisdiction.

**B.   Mandatory Detention Under 8 U.S.C. § 1231(a)**

The apprehension, detention and release of aliens in pending administrative removal proceedings is governed by 8 U.S.C. § 1226. After the administrative removal proceedings have been completed, the rules governing the detention and release of the alien shifts to 8 U.S.C. § 1231. Section § 1231(a)(1) provides in relevant part:

> **(a)  Detention, release, and removal of aliens ordered removed**
> **(1) Removal period**
> **(A) In general**
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
> **(B) Beginning of period**
> The removal period begins on the latest of the following:
>   (i)  The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a). Since the Ninth Circuit granted Petitioner a stay of removal in connection with his petition for review of his removal order, the removal period began on May 9, 2007, when the Ninth Circuit entered its final order on his appeal. 8 U.S.C. § 1231(a)(1)(B)(ii).

Following the entry of an administratively final order of removal, an alien is subject to mandatory detention during the 90-day removal period. 8 U.S.C. § 1231(a)(2). If he cannot be removed within the 90-day removal period, the alien may be granted supervised release or may be further detained, subject to administrative review. 8 U.S.C. § 1231(a)(3). Under § 1231(a)(6), an alien who is inadmissible under 8 U.S.C. § 1182 or removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). But when there is no significant likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future, the Government may not detain the alien for more than the presumptively reasonable period of six months. Zadvydas, 533 U.S. at 701.

As previously noted, the removal period for Petitioner began on May 9, 2007. Since less than 90 days have elapsed, Petitioner is subject to mandatory detention under § 1231(a)(2). "[T]he Zadvydas due process analysis does not extend to § 1231(a)(2)" because "the danger to which the Zadvydas Court responded – the danger of 'indefinite, perhaps permanent' civil confinement – does not exist when the government is holding an alien under § 1231(a)(2), a provision authorizing detention for 90 days only." Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004) (quoting Zadvydas, 533 U.S. at 699). In Khotesouvan, the Ninth Circuit held that "an alien ordered removed . . . cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed." Id. at 1299. Accordingly, a district court should dismiss a habeas corpus challenge to detention if the petition was filed during the 90-day

1  removal period. Id. at 1301 ("Because the petitioners filed their habeas petitions during the
2  90-day removal period, the district court correctly dismissed the petitions."). Because
3  Petitioner's detention falls within the 90-day removal period, during which he is subject to
4  mandatory detention under § 1231(a)(2), the Petition must be dismissed.

5  **IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **denied** and this
6  action is **dismissed**. The Clerk of Court shall enter judgment accordingly.

7  DATED this 26th day of June, 2007.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge